SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.
Fred Baruch, pro se, appeals from the judgment of the United States District Court for the Southern District of New York (William H. Pauley III, Judge) dismissing his complaint challenging the denial of his Medicare claim. Upon review of the record and applicable law, the judgment of the District Court is affirmed.
A district court’s dismissal of a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is reviewed de novo. See Scherer v. Equitable Life Assur. Soc’y, 347 F.3d 394, 397 (2d Cir. 2003). Where a defendant asserts a challenge to the district court’s subject matter jurisdiction pursuant to a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of showing that the district court has jurisdiction. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.1991).
The Social Security Act requires that an action seeking judicial review of a Medicare determination involve an amount in controversy of at least $1,000. See 42 U.S.C. § 1395ff(b)(1)(E)(i); 20 C.F.R. § 422.210(a). Because neither party disputes that the amount in controversy is $250, which falls short of the $1,000 minimum required for judicial review of final Medicare determinations, the District Court correctly dismissed the complaint.
Additionally, 20 C.F.R. § 422.210(c) and 42 C.F.R. § 405.857(a) provide that a civil action challenging a Medicare determination must be filed within 60 days of the claimant’s receipt of the Appeals Council’s determination. Because the Appeals Council issued its determination in August 2003, and Baruch did not file his complaint until December 2003, the complaint was untimely filed.
*423 For the reasons set forth, we AFFIRM the order of the District Court. All pending motions are DENIED.